IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| STEVE BULLOCK and JOHN WALSH, | ) ) ) | CV 12-97-H-DLC |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| RICK HILL, A LOT OF FOLKS FOR RICK HILL, a Registered Political Campaign Committee; and LORNA KUNEY, in her capacity as Treasurer of A Lot of Folks for Rick Hill, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is Plaintiffs' Motion to Remand to State Court. (Doc. 5.)

Defendants removed this matter to federal court on October 18, 2012, arguing that

removal was proper on two grounds: 1) Plaintiffs' Complaint involves a

substantial, disputed federal question—whether the campaign contribution limits imposed by Montana Code Annotated § 13-31-216 violate the First Amendment; and 2) Plaintiffs' Complaint necessarily seeks relief from a federal judgment.

I.

In their Complaint, Plaintiffs allege that Defendants "have violated and continue to violate the campaign contribution limits set forth in [Montana Code Annotated §§ 13-37-216(1)(a)(i), (3), and (5)]." Section 13-37-216(1)(a)(i) limits the "aggregate contributions for each election in a campaign by a political committee or by an individual . . . for candidates filing jointly for the office of governor and lieutenant governor." Section 13-37-216(3) states that "[a]ll political committees except those of political party organizations are subject to the provisions of subsections (1) and (2)[,]" and that "[p]olitical party organizations may form political committees that are subject to" an additional aggregate limit. Finally, § 13-37-216(5) prohibits any candidate from accepting any contributions in excess of these limits.

Enforcement of these contribution limits was enjoined on October 3, 2012, when the United States District Court for the District of Montana held that the limits are unconstitutional under the First Amendment. *Lair v. Murry*, Cause No. CV 12-12-H-CCL. The injunction remained in place until October 9, 2012, when

the Ninth Circuit Court of Appeals temporarily stayed the district court's

injunction. *Lair v. Bullock*, Cause No. 12-35809. On October 16, 2012, the Ninth

Circuit extended the stay pending resolution of the appeal of the district court's

final judgment. *Id.*

Plaintiffs allege that on October 5, 2012, while the injunction was yet in

place, Defendants received a $500,000 contribution from the Montana Republican

Party, a political party organization. Plaintiffs also allege that Defendants

received contributions from individuals in excess of the limit set in § 13-37-

216(1), presumably within the window of time when the injunction was in place.

Plaintiffs insist that Defendants are in violation of the aggregate contribution

levels set in § 13-37-216 now that the injunction has been stayed.

## II.

The availability of a federal defense is not grounds for removal. *Franchise*

*Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983); *ARCO*

*Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality of Mont.*, 213 F.3d

1108, 1113 (9th Cir. 2000). Removal is proper where a claim "could have

originally [been] brought . . . in federal district court originally, 28 U.S.C. §

1441(a), as a civil action 'arising under the Constitution law, or treaties of the

United States.'" *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*,

545 U.S. 308, 314 (2005). Under the well-pleaded complaint rule, a federal

question must be present on the face of the complaint. *Lippitt v. Raymond James*

*Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003). This rule "severely limits

the number of cases in which state law 'creates the cause of action' that may be

initiated in or removed to federal district court." *Id.* (quoting *Franchise Tax Bd. of*

*Cal.*, 463 U.S. at 9–10).

Additionally, a plaintiff "may not avoid federal jurisdiction by omitting

from the complaint allegations of federal law that are essential to the establishment

of the claim." *Id.* (quoting *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1389

(9th Cir. 1989). Under the artful-pleading doctrine, removal is proper where a

claim is "necessarily federal in character . . . or where the right to relief depends

on the resolution of a substantial, disputed federal question." *Id.* (citations

omitted). Courts should "invoke the doctrine only in limited circumstances as it

raises difficult issues of state and federal relationships and often yields

unsatisfactory results." *Id.* (internal quotation marks and citations omitted).

There is no "single, precise, all-embracing test for jurisdiction over federal

issues embedded in state-law claims between non-diverse parties." *Grable & Sons*

*Metal Prods.*, 545 U.S. at 314 (internal quotation marks and citation omitted).

"[T]he question is, does a state-law claim necessarily raise a stated federal issue,

actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

The parties here agree that no federal question is apparent on the face of the Complaint. Plaintiffs allege Defendants are in violation of state election laws; they do not state any federal claims. But Defendants insist that Plaintiffs' right to relief is dependent on the outcome of the appellate proceedings in *Lair* and on the resolution of a contempt motion pending in the same case in the district court. These arguments are without merit. The constitutionality of Montana Code Annotated § 13-31-216 is not an element of Plaintiffs' claim that Defendants have violated the statute, which is currently in effect. *ARCO Envtl. Remediation*, 213 F.3d at 1116 ("Federal jurisdiction may still lie if it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.") (internal quotation marks and citation omitted). And a subsequent decision by the Ninth Circuit on this issue will not retroactively impact these proceedings. Similarly, the civil contempt motion filed in the district court in *Lair v. Murry* is a parallel matter that does not dictate the outcome of the question presently before the Court.

Defendants also argue that Plaintiffs are seeking "relief from a federal

judgment . . . which may support removal to federal court." *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 778 (9th Cir. 1994). However, Plaintiffs are not seeking relief from the district court's injunction in *Lair* or the Ninth Circuit's stay of that injunction. Rather, Plaintiffs' right to relief depends on how the state statute at issue should be interpreted in light of the six-day period when its enforcement was enjoined and the subsequent stay of that injunction. This does not require "an inquiry into the scope and applicability" of the federal injunction or stay. The parties agree on the period of time when enforcement of the statute was stayed and when that stay was lifted. They disagree on how the statute's aggregate contribution limits, which are currently in effect, should now be interpreted. Interpretation of the statute is a matter of state law and the state court is better suited to engage in that exercise.

"The removal statute is strictly construed against removal jurisdiction," *Provincial Govt. of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009), and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted). Because no federal issue must be decided in order to resolve Plaintiffs' claims and Plaintiffs' claims exclusively involve the interpretation of state law,

remand is proper.  While the federal orders are relevant, they are not under

collateral attack.  To decide that removal is appropriate whenever a federal order is

relevant to a case would unnecessarily expand removal jurisdiction and threaten

the balance of federal and state judicial responsibilities.  *See e.g. City of Warren v.*

*City of Detroit*, 495 F.3d 282, 288–89 (6th Cir. 2007) (recognizing the abrogation

of *Sable v. General Motors Corp.*, 90 F.3d 171, 175 (6th Cir. 1996)).

Accordingly, IT IS ORDERED that Plaintiffs' motion (doc. 5) is

GRANTED.  This case is remanded to the Montana First Judicial District Court in

Lewis and Clark County.

Dated this 24th day of October 2012.

_____

Dana L. Christensen, District Judge
United States District Court